UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOHAN MOHAN,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.<br><br>Respondents. | Case No. 2:26-cv-00534-TMC<br><br>ORDER DENYING HABEAS PETITION |

Petitioner Mohan Mohan is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that his detention violates due process. For the reasons stated below, the Court DENIES the Petition.

## I.   BACKGROUND

Petitioner is a native and citizen of India who arrived in the United States and was detained by U.S. Border Patrol on June 22, 2021. Dkt. 1 ¶ 1; Dkt. 5 ¶ 3. Petitioner was initially processed for expedited removal but, after he expressed fear of return to India, his case was referred to U.S. Citizenship and Immigration Services ("USCIS") for a credible fear interview. Dkt. 5 ¶ 5. An interview was scheduled and then cancelled because USCIS could not find a Haryanvi interpreter. *Id*. ¶ 6.

ORDER DENYING HABEAS PETITION - 1

On September 10, 2021, USCIS issued a Notice to Appear ("NTA") for Petitioner which charged him as removeable under § 212(a)(6)(A)(i) of the INA as an "alien present in the United States without being admitted or paroled" and under § 212(a)(7)(A)(i)(I) for not possessing valid immigration documents. *Id.* ¶ 7; Dkt. 6-1. An immigration judge ("IJ") set bond at $10,000, and Petitioner was released on bond on October 8, 2021. Dkt. 6-3; Dkt. 5 ¶ 8. Petitioner filed an application for asylum on December 26, 2021. *Id.* ¶ 10; Dkt. 1 ¶ 2.

On February 8, 2026, Petitioner "[got] lost near the Peace Arch Park" in Blaine, Washington, and mistakenly crossed the border into Canada. Dkt. 6-5 at 3; Dkt. 5 ¶ 11. Petitioner was refused entry into Canada and "was referred to secondary inspection" to determine his admissibility back into the United States. *Id.*; Dkt. 6-5 at 3; Dkt. 6-6. Immigration officials searched Petitioner's vehicle and found 5.2 grams of marijuana and Petitioner "stated that the marijuana belonged to him." Dkt. 6-5 at 3; Dkt. 5 ¶ 11. "Immigration officials then took Petitioner into custody based on the possession of marijuana" and referred him to Immigration and Customs Enforcement's ("ICE") Office of Enforcement and Removal Operations ("ERO"). *Id.* ¶ 11. ICE transported Petitioner to NWIPC that same day and, on February 12, 2026, revoked Petitioner's bond. *Id.* ¶ 13; Dkt. 6-7. Petitioner requested that an IJ review that cancellation, and he was scheduled to appear before an IJ for a master calendar hearing on March 4, 2026. *Id.*; Dkt. 5 ¶¶ 13–14.

Petitioner filed a petition for writ of habeas corpus on February 13, 2026. Dkt. 1. Petitioner claims that his detention is unlawful because Respondents did not provide a bond hearing "where ICE was required to justify the basis for re-detention or to explain why Petitioner is a flight risk or danger to the community." Dkt. 1 ¶ 4. Petitioner requests his release and an injunction preventing Respondents from placing an ankle monitor on Petitioner, absent clear and convincing evidence that he is a flight risk or a danger to the community and that no other

ORDER DENYING HABEAS PETITION - 2

alternatives would mitigate those risks. *Id*. at 10. Respondents filed a response on March 3, 2026, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) (section 235(b)(2) of the Immigration and Nationality Act ("INA")). Dkt. 3. Petitioner replied on March 9, 2026. Dkt. 7.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

Before Petitioner's detention on February 8, 2026, Federal Respondents permitted Petitioner to live in the community during his removal proceedings pursuant to his release on a $10,000 bond in 2021. Dkt. 1 ¶ 3; Dkt. 5 ¶¶ 9–11. Petitioner argues that his detention without "an individualized hearing before a neutral decisionmaker to assess danger or flight risk" is a violation of the Fifth Amendment's Due Process Clause. Dkt. 1 ¶ 33. Respondents counter that, because he briefly left the U.S. and was apprehended when he returned, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 4 at 5–6.

Because Petitioner was inspected and detained at a port of entry while "seeking admission" to the United States under 8 U.S.C. § 1225(b)(2)(A), his detention comports with due process and Respondents were not required to provide him with a pre-deprivation or bond hearing.

Petitioner claims that, because he was previously released on bond pending resolution of his immigration proceedings, Respondents were required to provide a pre-deprivation notice and

hearing before revoking his bond and re-detaining him. *See generally* Dkt. 7. Petitioner argues, without citation to any authority, that "[a] temporary encounter at a port of entry after being refused entry by Canada does not transform a concitizen already present in the United States into a newly arriving "applicant for admission." *Id*. at 3–4. He claims that "[t]he fact that Canadian authorities refused him entry does not transform his continued presence in the United States into a new application for admission. Courts have repeatedly rejected attempts to reclassify individuals already in removal proceedings as newly arriving applicants for admission based solely on a later law-enforcement encounter." *Id*. at 4.

This court has considered several cases regarding the detention of noncitizens already present in the interior of the country. In those cases, this Court has concluded that "the default discretionary bond procedures in section 1226(a) apply to noncitizens who . . . are 'present in the United States without being admitted or paroled' under section 1182(a)(6)(A)" and are not subject to mandatory detention under another section of the statute. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1323 (W.D. Wash. 2025). In contrast, section 1225's "present-tense active language" applies only to noncitizens actively "seeking admission" into the U.S. *Id*. at 1329 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 488 (S.D.N.Y. 2025)). Even where a petitioner was initially apprehended on arrival, courts have concluded that if he was later "treated by [the government] as subject to discretionary detention under section 1226, rather than mandatory detention under section 1225," the former is more likely to apply. *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (D. Mass. Aug. 19, 2025).

But this case is fundamentally different because petitioner was detained at a port of entry while attempting to re-enter the United States—even if his brief foray into Canada was unfortunate and accidental. Petitioner is therefore properly detained under § 1225(b)(2)(A). Although Petitioner has lived in the U.S. for four years, he is "seeking admission" to the country

"as of [his] most recent apprehension[] by immigration officers." *Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *4 (W.D. Wash. Nov. 26, 2025). Petitioner attempted to cross back into the U.S. after being denied admission on the Canadian side of the border at the Peace Arch port of entry. Dkt. 5 ¶ 11; Dkt. 6-5 at 3. Like all others crossing that day, Petitioner was subject to inspection by U.S. border authorities. *Id*.; *see also* 8 U.S.C. § 1225(a)(3) ("All aliens . . . who are applicants for admission or otherwise seeking admission or readmission to or transit through the United States shall be inspected by immigration officers."); *c.f. United States v. Flores-Montano*, 541 U.S. 149, 152–53 (2004) (reiterating the government's ability to conduct routine searches and seizures "pursuant to the longstanding right of the sovereign to protect itself by stopping and examining persons and property crossing into this country"). Petitioner did not have valid travel documents and was "processed for a custody redetermination" due to his possession of 5.2 grams of marijuana. *Id*. at 4. Respondents have treated Petitioner as subject to mandatory detention and have not released him since he was detained on February 8, 2026.

Petitioner points to several cases applying *Mathews v. Eldridge*, 424 U.S. 319 (1976) and addressing whether re-detention of a noncitizen comports with due process. Dkt. 1 at 7 (citing *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316 (W.D. Wash. 2025); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1134 (W.D. Wash. 2025); *Kumar v. Wamsley*, No. 2:25-CV-01772-JHC-BAT, 2025 WL 2677089, at *2 (W.D. Wash. Sept. 17, 2025)). But unlike those cases, Petitioner was *not* re-detained while residing in the United States. He was inspected at a port of entry and found subject to detention based on new grounds of inadmissibility—independent of his ongoing immigration proceedings. Dkt. 6-5 at 3–4.[1] It follows that Petitioner's detention at the border

---

[1] Although Respondents cite *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) for the preposition that § 1225(b)(2)(A) applies broadly to all "applicants for admission," this Court

ORDER DENYING HABEAS PETITION - 5

does not implicate the liberty interest he "took with him" when "he was released from his initial detention" in 2021. *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025); *see Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (the immigration decision process "generally begins at the Nation's borders and ports of entry, where the Government must determine whether an alien seeking to enter the country is admissible.").[2]

Because Petitioner was seeking admission to the country when he was detained at a port of entry, his mandatory detention pursuant to § 1225(b)(2)(A) does not violate the INA or his due process rights.

### IV.   CONCLUSION

The Court DENIES the petition for writ of habeas corpus. Dkt. 1.

Dated this 18th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

---

makes no such finding. Rather, Petitioner is subject to § 1225(b)(2)(A) only because he is an applicant for admission who was also "seeking admission" as required by that provision.

[2] Mandatory detention under § 1225(b) without a bond hearing violates due process if it is "unreasonably prolonged." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117 (W.D. Wash. 2019). Petitioner, who has been detained for just over one month, does not argue that his detention has become unreasonably prolonged under the six *Banda* factors.

ORDER DENYING HABEAS PETITION - 6